# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JAY HEATH, EDWARD SHAPIRO, and DAISY BECERRA LOPEZ,<br><br>on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>INSURANCE TECHNOLOGIES CORP. AND ZYWAVE, INC.,<br><br>　　　　　Defendants. | Case No.: 3:21-cv-01444-N<br><br>Assigned for All Purposes to:<br>Judge David C. Godbey<br><br>**CLASS ACTION**<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY<br><br>Complaint Filed:　06/18/21<br>Trial Date:　　　　Not Yet Set<br><br>**DEMAND FOR JURY TRIAL** |

1

WHEREAS, the above-styled Action was filed on June 18, 2021;

WHEREAS, Plaintiffs Jay Heath, Edward Shapiro, and Daisy Becerra Lopez ("Plaintiffs"), individually and on behalf of themselves and the proposed Settlement Class (defined below), and Defendants Insurance Technologies Corp. and Zywave, Inc. ("Defendants" or "ITC") (collectively, the "Settling Parties"), have entered into a Settlement Agreement (the "Settlement") resolving the Action, subject to Court approval;

WHEREAS, the Action was settled as a result of arm's-length negotiations, investigation and informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are experienced in similar litigation; and

WHEREAS, Named Plaintiffs, the Proposed Class Representatives, have moved the Court for entry of an order preliminarily approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement, together with all exhibits thereto.

WHEREAS, the Court having considered the Settlement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, hereby orders as follows:

**I. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only is GRANTED. The terms defined in the Settlement shall have the same meaning in this Order.

2. Having made the finding set forth below, the Court conditionally certifies the following Nationwide Class and California Subclass (collectively, the "Settlement Class") for settlement purposes only:

> The Nationwide Class: All individuals whose personally identifiable information was subjected to the Data Breach, as confirmed by Defendants' business records.
>
> The California Subclass: All residents of California at the time of the Data Breach whose personally identifiable information was subjected to the Data Breach, as confirmed by Defendants' business records.

3. Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Breach, and persons who timely and validly request exclusion.

4. For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class members predominate over any potential individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5. The Court hereby appoints Named Plaintiffs, Jay Heath, Edward Shapiro, and Daisy Becerra Lopez, as the Class Representatives for the Settlement Class.

6. The Court hereby appoints John A. Yanchunis and Ryan D. Maxey of Morgan & Morgan Complex Litigation Group; Gary E. Mason of Mason LLP; M. Anderson Berry of Clayeo

C. Arnold, a Professional Law Corp.; Gary Klinger of Milberg Coleman Bryson Phillips Grossman, and Joe Kendall of Kendall Law Group, PLLC as Class Counsel.

## II. PRELIMINARY APPROVAL

7. The terms of the Settlement, including its proposed releases, are preliminarily approved as within the range of fair, reasonable, and adequate, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Approval Hearing provided for below. In making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Settling Parties and the Settlement Class.

8. As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case, including Defendants' right to move to compel arbitration.

## III. NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

9. The Court appoints Angeion Group as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement Agreement.

10. The Court has considered the Notice provisions of the Settlement, the Notice Program set forth in the Settlement Agreement (the "Notice Program"), and the Notice, attached as Exhibit 1 of the Settlement. The Court finds that the direct emailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Notice attached as Exhibit 1 to the Settlement. The Court orders the Settlement Administrator to commence the Notice Program following entry of this Order in accordance with the terms of the Settlement.

11. The Court approves as to form and content the Claim Forms attached as Exhibit 2 to the Settlement.

12. Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement and the Claim Form under which they are entitled to seek relief. The Claims deadline is 75 days after the Notice Deadline. All Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

**IV. REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS**

13. Each person wishing to opt out of the Settlement Class must sign and timely mail written notice of such intent to the designated address established by the Settlement Administrator. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than 50 days after the Notice Deadline.

14. Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

15. Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

**V. OBJECTIONS**

16. Each Settlement Class Member desiring to object to the settlement must submit a timely written notice of his or her objection. Such notice must include: (a) the name of the filed action; (b) the objector's full name, address, telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for a service award; (f) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity; (g) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) the objector's signature on the written objection (an attorney's signature is not sufficient); and (i) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, has been a named plaintiff in any class action, or has served as lead plaintiff class counsel, including the case name, court, and docket number for each.

17. To be timely, written notice of an objection in appropriate form must be filed or mailed on or before 50 days after the Notice Deadline with the Clerk of the United States District

Court for the Northern District of Texas, Dallas Division, at the address where filings are accepted by the Clerk and, additionally, served concurrently therewith upon: (a) John A. Yanchunis and Ryan D. Maxey, Morgan & Morgan Complex Litigation Group, 201 N Franklin Street, 7th Floor, Tampa, FL 33602; (b) Gary E. Mason of Mason LLP, 5101 Wisconsin Avenue NW, Suite 305, Washington DC 20016; (c) M. Anderson Berry, Clayeo C. Arnold, a Professional Law Corp., 865 Howe Avenue, Sacramento, CA 95825; (d) Gary Klinger, Milberg Coleman Bryson Phillips, 227 W. Monroe Street, Suite 2100, Chicago, IL 60606; (e) Joe Kendall, Kendall Law Group, PLLC, 3811 Turtle Creek Blvd., Ste. 1450, Dallas TX 75219, and (f) Eileen R. Ridley, Foley & Lardner, LLP 555 California Street, Ste. 1700, San Francisco, California 94104-1520 [email: eridley@foley.com]; and (g) Peter Loh and Sara Ann Brown, Foley & Lardner, LLP 2021 McKinney Ave., Ste. 1600, Dallas, Texas 75201 [email: ploh@foley.com and sabrown@foley.com].

18. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, including its releases, the Order and Judgment approving the Settlement, and Class Counsels' motion for award of attorneys' fees, costs, and expenses, and Named Plaintiff's service award.

**VI. THE FINAL FAIRNESS HEARING**

19. The Court will hold a Final Approval Hearing on September 7, 2022, at 10:30 a.m., at the United States Courthouse, 1100 Commerce Street, Room 1505, Dallas, Texas 75242 to consider: (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate

and in the best interests of the Settlement Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement; (d) the application for a Named Plaintiffs service award as provided for under the Settlement; (e) whether the Release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and Judgment; and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members be continued or adjourned by order of the Court.

20. No later than 120 days after Preliminary Approval, the Named Plaintiffs shall file their Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorney's Fees, Costs, and Expenses, and Representative Plaintiffs Service Award. No later than 14 days prior to the Final Approval Hearing, Named Plaintiffs shall file their Reply Brief in Support of Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorneys' Fees, Costs, and Expenses, and Named Plaintiffs Service Award, including as needed to respond to any valid and timely objections.

21. The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
| --- | --- |
| Class Notice Mailed | 30 Days after Preliminary Approval |
| Claims Deadline | 75 Days after the Notice Deadline |
| Opening Papers in Support of Final Approval | 120 Days after Preliminary Approval |
| Last Day to Object or Opt Out | 50 Days after the Notice Deadline |
| Reply Papers in Support of Final Approval | 14 Days Prior to the Final Approval Hearing |
| Final Approval Hearing | 150 Days after Preliminary Approval, or shortly thereafter |

22. The existing stay of the Action shall remain in effect pending the Court's ruling on preliminary approval. Any action brought by a Settlement Class Member concerning a Released Claim shall be stayed pending final approval of the Settlement.

SIGNED March 21, 2022.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE