**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| JAY HEATH, EDWARD SHAPIRO, and DAISY BECERRA LOPEZ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>INSURANCE TECHNOLOGIES CORP. AND ZYWAVE, INC.,<br><br>        Defendants. | Case No.: 3:21-cv-01444-N<br><br>Assigned for All Purposes to:<br>Judge David C. Godbey<br><br>**<u>CLASS ACTION</u>**<br><br>FINAL ORDER AND JUDGMENT<br><br><br>Complaint Filed:    06/18/21<br>Trial Date:         Not Yet Set<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

WHEREAS, the Court, having considered the Settlement Agreement filed February 28, 2022 (the "Settlement") between and among Named Plaintiffs and Class Representatives, individually and on behalf of the Settlement Class, and Defendants Insurance Technologies Corp. and Zywave, Inc. ("ITC" or "Defendants") (collectively, the "Settling Parties"), the Court's Order Granting Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only ("Preliminary Approval Order"), having held a Final Approval Hearing on January 4, 2023, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement and Award of Attorneys' Fees, Costs, and Expenses, and Class Representative Service Award is GRANTED.

2.      This Order and Judgment incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3.      The Court has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I.    CERTIFICATION OF THE SETTLEMENT CLASS

4.    Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Nationwide Class and California Subclass (collectively, the "Settlement Class") for settlement purposes only:

> The Nationwide Class: All individuals whose personally identifiable information was potentially subjected to the Data Breach, as confirmed by Defendants' business records.

> The California Subclass: All residents of California at the time of the Data Breach whose personally identifiable information was potentially subjected to the Data Breach, as confirmed by Defendants' business records.

5.    Excluded from the Settlement Class are the Court, the officers and directors of Defendants, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Breach, and persons who timely and validly request exclusion from the Settlement Class.

6.    Also excluded from the Settlement Class are those persons identified in Exhibit A hereto, each of whom submitted a timely and valid request to be excluded from the Settlement Class. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order and Judgment.

7.    For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class Members predominate over any potential individual questions; (c)

the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

## II.     NOTICE TO THE SETTLEMENT CLASS

8.     The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

## III.     FINAL APPROVAL OF THE SETTLEMENT

9.     The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendants.

10.     The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

11.     The Court finds that Named Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

12.     The Settling Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV.     DISMISSAL OF CLAIMS AND RELEASE

13.     The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

14.     Upon the Effective Date, the Named Plaintiffs, any Settlement Class Member, any person claiming or receiving a benefit under this Settlement, and any and all of their respective present or past heirs, spouses, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons, whether individual, class, direct, representative, legal, equitable or any other type or in any other capacity, other than any such person who is a Settlement Class Member that does timely and properly opt-out from the Settlement, shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims

15.     For purposes of this Order and Judgment, "Released Claims" means any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, penalties, remedies, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, existing or potential, suspected or unsuspected,

disclosed or undisclosed, matured or unmatured, liquidated or unliquidated, legal, statutory or equitable, that have been or could have been asserted, or in the future could be asserted, in the Action or in any court, tribunal or proceeding by or on behalf of the Named Plaintiffs and/or any and all of the members of the Settlement Class by reason of, resulting from, arising out of, relating to, or in connection with, the allegations, facts, events, transactions, acts, occurrences, statements, representations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the alleged claims or events in the Action or the Data Breach against any of the Released Parties whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States. The Released Claims includes an express waiver of California Civil Code Section 1542 as reflected in the Settlement Agreement which has been presented to this Court with both the preliminary and final settlement approval motion filed on behalf of Named Plaintiffs.  The Released Claims do not include any claims arising from or relating to any conduct by Defendants after the date the Agreement is executed. The Released Claims shall also not include the right of Named Plaintiffs, any Settlement Class Member or any Released Person to enforce the terms of the Settlement Agreement.

16.     Further, except as provided otherwise in this Settlement Agreement, with respect to any and all Released Claims, Named Plaintiffs and Defendants stipulate and agree that upon the Effective Date and with respect to the Released Claims, Named Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Members, including Named Plaintiffs, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Named Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims.

17.    Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Named Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in, any claim or action in this or any other forum (other than participation in the settlement as provided herein) in which any of any Released Claim(s) is/are asserted.

## V.    ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD

18.    The Court awards attorneys' fees of $3,000,000.00 and reimbursement of costs and expenses in the amount of $8,666.63, totaling $3,008,666.33, and payment of a service award in the amount of $2,000.00 to each of Named Plaintiffs. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Action.

## VI.   OTHER PROVISIONS

19.     Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

20.     In the event the Effective Date does not occur, this Order and Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and Judgment and all orders entered in connection herewith shall be vacated and null and void, the Settling Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

21.     The Court finds that notice under the Class Action Fairness Act has been complied with.


**IT IS SO ORDERED.**

SIGNED January 4, 2023.

DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE